*Fisher* and *Bayard* for plaintiff. *Ridgely* for defendant.

### CROSAN et al. v. MENDENHALL et al.

Supreme Court. New Castle. October, 1797.

*Bayard's Notebook, 211.*

PER CURIAM. When the title is completed, the whole relates to the date of the warrant; this is a common law principle and has long been settled and adhered to under the proprietary grants. [The] CHIEF JUSTICE said he had known the same point decided

long since in Pennsylvania and had never known the decision questioned.

The plaintiffs attempted to establish a title paramount to the patent, which gave rise to another question. By this title it appeared that the lands belonged to the plaintiffs and another person as tenants in common. Upon which the defendants' counsel insisted that the plaintiffs ought to be nonsuited, upon the principle that tenants in common ought to join in trespass, and that one could not maintain the suit without the others joining.

A verdict for the plaintiffs was taken subject to the opinion of the Court upon this point.

The cause continued several terms upon the rule to show cause why the verdict should not be set aside and a nonsuit entered.

At April Term, 1799, the objection was abandoned upon the cause being pressed for argument, and the case of *Addison and Overend,* 6 Term 766, shown to defendants' counsel.

*Bayard* for plaintiffs. *Vandyke* for defendants.